FILED

MAR - 9 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY BRAGDON<br>7170 Mahogany Drive<br>Hyattsville, Maryland 20785<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL MALONE<br>5701 Cedar Trail West<br>Prince George, Virginia 23875<br><br>and<br><br>JOHN DOES 1-10<br>Individual Persons, Whose Names<br>and Identities Cannot Be Ascertained<br>at This Time Despite Due Diligence<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.:<br><br>CASE NUMBER 1:05CV00488<br><br>JUDGE: James Robertson<br><br>DECK TYPE: Personal Injury/Malpractice<br><br>DATE STAMP: 03/09/2005<br><br>(JURY DEMAND<br>ENDORSED HEREON) |



NOW COMES Plaintiff, Anthony Bragdon, by and through counsel, and for his Complaint against Defendants Michael Malone and John Does 1-10 hereby states as follows:

## JURISDICTION

1. This action is brought against Defendant Michael Malone ("MALONE"), individually and his personal capacity, and against the Defendant John Does 1-10 ("DOES"), individually and in their personal capacities, under the case of <u>Bivens v. Six Unknown Agents</u>, 403 U.S. 388 (1971) and its progeny, and pursuant to 28 U.S.C. § 1331.

2. Jurisdiction for the action against Defendants MALONE and DOES is invoked under 28 U.S.C. § 1331, and the case of <u>Bivens v. Six Unknown</u> Agents, 403 U.S. 388 (1971) and its progeny.

## PARTIES

3. Plaintiff, Anthony Bragdon, was at all relevant times, a resident of the District of Columbia and a citizen of the United States of America.

4. Defendant MALONE was at all relevant times a special agent and employee of the Federal Bureau of Investigations ("FBI") and a hair and fiber expert witness who testified falsely during Plaintiff Anthony Bragdon's criminal trial and who withheld potential exculpatory evidence.

5. Defendant DOES, whose names and identities have not yet been ascertained, are individuals who were at all relevant times agents or employees of the Federal Government and who - acting under color of law - assisted; participated in; failed to remedy; covered up; or, who knew or should have known of Defendant MALONE's actions and misconduct in investigating, giving testimony, and withholding evidence relative to the allegations against Plaintiff Anthony Bragdon during his criminal trial.

## BACKGROUND FACTS / OVERVIEW

6. Defendants MALONE and DOES were at all relevant times acting as federal agents or employees pursuant to the customs and policies of the Federal Bureau of Investigations and within the course and/or scope of their employment.

7. At all relevant times Defendants MALONE and DOES were acting under color of law.

8. On March 10, 1992, Plaintiff Anthony Bragdon was convicted of one count of assault with intent to rape while armed (the lesser-included offense of rape while armed) and one count of possession of a firearm during a crime of violence. Thereafter, on or about April 30, 1992, Plaintiff Anthony Bragdon was sentenced under the Youth Rehabilitation Act, D.C. Code § 24-803(b), to up to 15 years on each of the two counts. On November 30, 1995, the Court of Appeals affirmed Mr. Bragdon's convictions. Bragdon v. United States, 668 A.2d 403 (D.C. 1995). The Court of Appeals subsequently found that Plaintiff Anthony Bragdon's sentences were to run consecutively. Bragdon v. United States, 717 A.2d 878, 881 (D.C. 1998).

9. In or around April 1997, the United States Department of Justice, Office of the Inspector General, issued a Special Report titled, "The FBI Laboratory: An Investigation Into Laboratory Practices and Alleged Misconduct in Explosives-Related and Other Cases." In said report, Defendant MALONE was identified as an individual who had falsified work. Subsequently, an independent scientist conducted an analysis of Defendant MALONE'S work in Plaintiff Anthony Bragdon's case and a report was prepared. On August 13, 2001, the Government forwarded the report to Plaintiff's counsel. Thereafter, in March 2002, after receipt of the subject report(s), Plaintiff Anthony Bragdon filed a Petition to Set Aside, Vacate, and/or Correct Conviction and Sentence, or in the Alternative, for a Writ of Coram Nobis.

10. On March 14, 2003, the Superior Court of the District of Columbia granted Plaintiff Anthony Bragdon's Petition to Set Aside, Vacate, and/or Correct Conviction finding that the testimony of Defendant MALONE was either false or not supported by his notes. The Superior Court of the District of Columbia further found that Defendant MALONE did not

disclose potential exculpatory facts regarding the subject fiber evidence either to the prosecution or the defense. Thereafter, Plaintiff Anthony Bragdon was released from prison.

## COUNT ONE
### (Defendant MALONE - Deprivation of Constitutional Rights)

11. Plaintiff Anthony Bragdon hereby repeats and realleges the allegations set forth in Paragraphs 1 through 10 above as if fully set forth herein.

12. During Plaintiff's criminal trial, Defendant MALONE testified as a fact and expert witness on behalf of the Government/ Prosecution.

13. Defendant MALONE gave testimony concerning the FBI's laboratory evidence, and his various testing, findings, and conclusions concerning the hair and fiber evidence found and presented in the case.

14. Defendant MALONE'S testimony was false, incomplete, unsupported, and incorrect.

15. Defendant MALONE made various false statements during his testimony and further gave false testimony that the fibers found on the complaining witness' clothes matched the carpet in Plaintiff's apartment. Defendant MALONE'S trial testimony was materially false as to the following: 1) the nature and absence of other possible sources of the fiber; 2) the non-disclosure of other, non-matching fibers found, and, 3) the fact that the testing performed was insufficient to support the FBI's conclusions.

16. In addition, Defendant MALONE acted in a manner so as to withhold exculpatory facts and information from Plaintiff Anthony Bragdon and his defense counsel.

17. The actions, misconduct, and omissions of Defendant MALONE, as set forth hereinabove and below, deprived Plaintiff Anthony Bragdon of a fair trial and violated Plaintiff's

Constitutional rights as such are guaranteed *inter alia.* by the Fourth, Fifth, Sixth, and Eighth Amendments to the United States Constitution.

18. The actions, misconduct, and omissions of Defendant MALONE were intentional, willful, and wanton.

19. The actions, misconduct, and omissions of Defendant MALONE warrant relief to Plaintiff Anthony Bragdon in the form of *compensatory damages*.

20. The actions, misconduct, and omissions of Defendant MALONE, as alleged above, was an extreme deviation from reasonable standards of conduct, undertaken with deliberate indifference and/or reckless disregard for their likely consequences. Plaintiff Anthony Bragdon is thus further entitled to an award of *punitive damages*.

21. There are no "special factors counseling hesitation" in this Court's power to formulate remedies for Plaintiff Anthony Bragdon.

22. As a direct, proximate, and foreseeable result of the actions, misconduct, and omissions of Defendant MALONE, the Plaintiff lost and was deprived of his right to be secure in his person, deprived of his due process rights, deprived of his right to access to the courts, deprived of his right to the disclosure of exculpatory evidence, and was further deprived of his liberty during the term of his incarceration.

23. As a further direct, proximate, and foreseeable result of the actions, misconduct, and omissions of Defendant MALONE, Plaintiff Anthony Bragdon suffered extreme fear, emotional distress, pain, shock, horror, suffering, psychic injury, loss of earnings, humiliation, loss of education, loss of enjoyment of life, monetary expenses, and other harm and injury all of which is expected to continue into the future.

## COUNT TWO
(Defendant DOES 1-10 - Deprivation of Constitutional Rights)

24. Plaintiff Anthony Bragdon hereby repeats and realleges the allegations set forth in Paragraphs 1 through 23 above as if fully set forth herein.

25. During Plaintiff's criminal trial, Defendant DOES assisted; participated in; failed to remedy; covered up; or, who knew or should have known of Defendant MALONE'S actions and misconduct in investigating, giving testimony, and withholding evidence relative to the allegations against Plaintiff Anthony Bragdon during his criminal trial.

26. The actions, misconduct, and omissions of Defendant DOES, as set forth hereinabove and below, deprived Plaintiff Anthony Bragdon of a fair trial and violated Plaintiff's Constitutional rights as such are guaranteed *inter alia.* by the Fourth, Fifth, Sixth, and Eighth Amendments to the United States Constitution.

27. The actions, misconduct, and omissions of Defendant DOES were intentional, willful, and wanton.

28. The actions, misconduct, and omissions of Defendants DOES warrant relief to Plaintiff Anthony Bragdon in the form of compensatory damages.

29. The actions, misconduct, and omissions of Defendant DOES, as alleged above, were an extreme deviation from reasonable standards of conduct, undertaken with deliberate indifference and/or reckless disregard for their likely consequences. Plaintiff Anthony Bragdon is thus further entitled to an award of *punitive damages.*

30. There are no "special factors counseling hesitation" in this Court's power to formulate remedies for Plaintiff Anthony Bragdon.

31. As a direct, proximate, and foreseeable result of the actions, misconduct, and omissions of Defendant DOES, the Plaintiff lost and was deprived of his right to be secure in his

person, deprived of his due process rights, deprived of his right to access to the courts, deprived of his right to the disclosure of exculpatory evidence, and was further deprived of his liberty during the term of his incarceration.

32.     As a further direct, proximate, and foreseeable result of the actions, misconduct, and omissions of Defendant DOES, Plaintiff Anthony Bragdon suffered extreme fear, emotional distress, pain, shock, horror, suffering, psychic injury, loss of earnings, humiliation, loss of education, loss of enjoyment of life, monetary expenses, and other harm and injury all of which is expected to continue into the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Anthony Bragdon prays this Honorable Court grant judgment in his favor jointly and severally against each of the Defendants as follows:

1.  As to Count One of Plaintiff's Complaint:

    a.  judgment in Plaintiff's favor against Defendant MALONE;

    b.  an award of compensatory damages in the amount of Four Million Four Hundred Fifty Thousand Dollars ($4,450,000.00);

    c.  an award of punitive damages in the amount of Two Million Dollars ($2,000,000.00);

    d.  attorney's fees;

    e.  any and all other relief which the Court deems just, fair, and proper.

2.  As to Count Two of Plaintiff's Complaint:

    a.  judgment in Plaintiff's favor against Defendant DOES;

    b.  an award of compensatory damages in the amount of Four Million Four Hundred Fifty Thousand Dollars ($4,450,000.00);

c.  an award of punitive damages in the amount of Two Million Dollars ($2,000,000.00);

d.  attorney's fees;

e.  any and all other relief which the Court deems just, fair, and proper.

Respectfully submitted,

**OF COUNSEL:**

**BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP**

Richard G. Lillie (DC# 427882/OH#0023744)
2300 BP Tower, 200 Public Square
Cleveland, Ohio 44114-2378
Telephone: (216) 363-4500
Facsimile: (216) 363-4588
E-Mail:    rlillie@bfca.com

## JURY DEMAND

Plaintiff herein requests a trial by jury as to all issues raised herein.

Respectfully submitted,

**OF COUNSEL:**

**BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP**

Richard G. Lillie (DC# 427882/OH#0023744)
2300 BP Tower, 200 Public Square
Cleveland, Ohio 44114-2378
Telephone: (216) 363-4500
Facsimile: (216) 363-4588
E-Mail:    rlillie@bfca.com